UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MOORE, CDCR # AZ5561,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES HILL, Warden; RYAN BARENCHI, MD; M. BLAISDELL, MD; S. GATES, K. RODRIGUEZ, BENNY MARTIN, MD; CDCR; B. CAMPBELL; JOHN DOES #1–5,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:24-cv-2159-RBM-LR<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [Doc. 4];**<br><br>**(2) GRANTING LEAVE TO FILE AMENDED COMPLAINT [Doc. 5]; and**<br><br>**(3) GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT [Doc. 6]** |

## I.　INTRODUCTION

Plaintiff Darren Moore ("Plaintiff") is proceeding *pro se* with a civil action pursuant to 42 U.S.C. § 1983.  On June 5, 2025, the Court dismissed Plaintiff's original complaint without prejudice and with leave to file an amended complaint by July 18, 2025. (Doc. 3.) Plaintiff failed to do so by that deadline, but on August 15, 2025 he filed a Motion for Appointment of Counsel (Doc. 4) and a Motion for Leave to File an Amended Complaint. (Doc 5.)  Plaintiff then filed a Motion for Extension of Time. (Doc. 6).

## II.　MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because he "unable to afford counsel …, can[not] read or write, [and] has relied on two

jailhouse[] lawyer[s] to assist him in this matter." (Doc. 4 at 1.)  He also asserts his case is complex and he will need the assistance of an attorney to obtain expert witnesses.  *Id.*

There is no constitutional right to counsel in a civil case.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  While 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances."  *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'"  *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff's likelihood of success on the merits and the complexity of the legal issues involved is challenging to assess when there is no operative pleading before the Court and at this early stage of the case.  *See Garcia v. Smith*, Civil No. 10cv1187-AJB(RBB), 2012 WL 2499003, at *3 (S.D. Cal. 2012) (noting that even if a prisoner's claims survive defendants' motion to dismiss, it may be "too early to determine the likelihood of success on the merits.").  Plaintiff also claims he requires counsel because he must rely on the assistance of another inmate to draft his documents.  (Doc. 4 at 1.)  However, "[c]ircumstances common to most prisoners, such as lack of education" or knowledge of the law, "do not establish exceptional circumstances supporting appointment of counsel."  *Snowden v. Yule*, No. 2:17-cv-2167 TLN AC P, 2020 WL 2539229, at *1 (E.D. Cal. 2020) (citing *Palmer*, 560 F.3d at 970).  Given the early stage of this case and the absence of an operative pleading on file, the Court finds Plaintiff has not met his burden of demonstrating exceptional circumstances.  Accordingly, Plaintiff's request for appointment of counsel (Doc. 4) is **DENIED.**

///

///

### III. MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff has also filed a motion for leave to file an amended complaint. (Doc. 5.) The Court **GRANTS** the motion for the same reasons discussed in this Court's previous screening order. (*See* Doc. 3.)

### IV. MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

As for his request for an extension of time, Plaintiff states that due to his difficulty reading and writing, he must rely on assistance from fellow inmates to prepare his court filings and thus he needs more time to prepare his amended complaint. (*See* Doc. 6.) While Plaintiff's request is untimely, because he is proceeding *pro se* the Court **GRANTS** the motion for an extension of time to file his amended complaint in the interest of justice. Plaintiff must file his amended complaint no later than December 15, 2025.

### V. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel (Doc. 4) without prejudice, **GRANTS** Plaintiff's motion for leave to file an amended complaint (Doc. 5) and **GRANTS** his request for an extension of time (Doc. 6). Plaintiff's amended complaint is due **no later than December 15, 2025**.[1]

**IT IS SO ORDERED.**

Dated: October 24, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff fails to timely file an amended complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and failure to prosecute in compliance with a court order. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28